IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YAMIRA POSADA,

       Plaintiff,

v.                                             CV 21-0972 JHR

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION OF PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

This matter comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2], filed October 5, 2021. Having reviewed the Application in light of pertinent authority, it is hereby recommended that Plaintiff's request to proceed in this action in forma pauperis be **denied**.

## I.    BACKGROUND

Yamira Posada through counsel, filed his Complaint and Application on October 5, 2021. [Docs. 1 & 2]. In the Application, which Ms. Posada completed on August 30, 2021, she declared under penalty of perjury that her average monthly income during the past twelve (12) months was approximately $4,219.00 from VA Disability payments. [Doc. 2, pp. 1-2]. Ms. Posada reported having a total of $800 in her checking account. [*Id.*, p. 2]. She also stated that she owned a 2005 Chevy Avalanche worth approximately $4,500 and a 2016 Jeep Rubicon that is worth $40,000. [*Id.*, p. 3]. She does not owe on either vehicle. [*Id.*]. Her parents, Teresa and Antonio Posada, both 74, rely on her for help. [*Id.*]. Ms. Posada's monthly expenses total approximately $3,788, and she

does not anticipate any major changes to her income or expenses during the next 12 months. [*Id.*, p. 5]. Ms. Posada has a 25% contingency fee agreement with her counsel. [*Id.*].

## II.   <u>LEGAL STANDARDS</u>

The Court may authorize a litigant to prosecute or participate in a case without the prepayment of fees or security therefor if he demonstrates that she is unable to pay such fees or give sufficient security to cover them. *See* 28 U.S.C. § 1915(a)(1). This is known as granting in forma pauperis ("IFP") status.

> General factors that can be considered when deciding whether to grant IFP status include: whether the complaint is frivolous or malicious … ; whether the case concerns a prisoner, with special concern placed on prisoner complaints … ; and the nature of the mandatory and discretionary demands on the applicant's financial resources…. Additionally, a person should not be denied the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute."

*Brewer v. City of Overland Park Police Dept.*, 24 F. App'x 977, 979 (10th Cir. 2002) (unpublished) (citations omitted). Generally speaking, if an applicant's accounting demonstrates that his monthly income exceeds his monthly expenses then IFP status should be denied. *See id.* ("Based on Mr. Brewer's accounting … his monthly income exceeds his monthly expenses by a few hundred dollars. While there is no evidence that Mr. Brewer is acting in bad faith or attempting to take advantage of the system, it also appears that he had sufficient income to pay the filing fees at the time this appeal was sought."); *see also Williams v. Oklahoma*, 667 F. App'x 733, 734 (10th Cir. 2016) (unpublished) (Affirming the denial of IFP status where the district court calculated the difference between the applicant's income and expenses to be between $440.00 and $550.00 per month.).

Pursuant to standard practice in this district, Ms. Posada's case was randomly assigned to the undersigned Magistrate Judge, "rather than a District Judge, to preside over all dispositive motions, evidentiary hearings and trial, upon consent of the parties." *See* Guide for Pro Se

Litigants, 10 (available at https://www.nmd.uscourts.gov/representing-yourself-pro-se) (accessed on October 18, 2021). If the Court were to *grant* Ms. Posada's application, the case would continue to be assigned to the undersigned Magistrate Judge until the Commissioner was served, had the opportunity to answer, and both parties had an opportunity to consent as set forth in 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73(b) and D.N.M.LR-Civ. 73.1(b). However, absent such consent, the Tenth Circuit has held that Magistrate Judges cannot *deny* an application to proceed in forma pauperis. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Instead, a Magistrate Judge may only *recommend* denial of in forma pauperis status, meaning that a District Judge must be assigned for the purpose of reviewing the Magistrate Judge's recommendation de novo as set forth in 28 U.S.C. § 636(b)(1)(C).[1]

## III.   ANALYSIS

Applying cases like *Brewer* and *Williams* to the facts here, the Court concludes that Ms. Posada has failed to demonstrate that she qualifies for IFP status. Even considering the support she provides her parents, by her accounting, Ms. Posada's monthly income exceeds her expenses by $431, she has $800 in cash, and she owns two vehicles worth a total of $44,500. The current filing fee for instituting any civil case in this district is $402.00, which is comprised of a $350.00 filing fee and a $52.00 administrative fee. *See* Schedule of Fees (available at https://www.nmd.uscourts.gov/schedule-fees) (accessed on October 18, 2021). Ms. Posada has not

---

[1] At one time all social security appeals in this district were referred to Magistrate Judges for proposed findings and recommended dispositions. *See* CV 94-0143 (Administrative Order). However, this process halted in January 2009 pursuant to an Administrative Order entered by then-Chief District Judge Vazquez. *See* CV 09-0004. Now, all civil cases, including social security appeals, are randomly assigned to a Magistrate Judge and are only reassigned to District Judges if the parties elect not to consent to the assigned Magistrate Judge. *See* D.N.M.LR-Civ. 73.1(a).

shown she is unable to pay the filing fee or provide sufficient security to obtain the money to do so. As such, she should not be granted IFP status in this case. [2]

Because the Court is not granting IFP status, a district judge must be assigned to review this recommendation after Ms. Posada has time to object.

IV.     **RECOMMENDATION**

Wherefore, **it is hereby recommended** that Ms. Posada's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2], be **denied**. The Clerk shall assign a district judge to this case to review this recommendation.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

[2] The Court notes that even if IFP status is granted the litigant remains responsible for the $350.00 filing fee, it just does not have to be prepaid. *See* Guide for Pro Se Litigants, 8. However, the $52.00 administrative fee is waived.